Carlos MONROY–PEREZ; Maria Del Carmen Ortiz–Maya, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71119.

Agency Nos. A75–103–353, A73–440–533.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Patrick O. Cantor, Taran Buttar, Buttar & Cantor, LLP, Seattle, WA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mark C. Walters, Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Carlos Monroy–Perez and his wife Maria del Carmen Ortiz–Maya, natives and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for suspension of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Petitioners make a due process claim based on *Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858 (9th Cir.2003) (en banc), contending that they were prevented from presenting new evidence to the BIA during the five years before the Board decided their case. *Ramirez–Alejandre* relied, however, on BIA practice that had been superseded when the Board decided Petitioners' case in 2003. *See id.* at 864–65 (describing the BIA's former "responsibility of considering newly developed evidence in making determinations on suspension of deportation"). In September 2002, the Attorney General promulgated new regulations "quite different from, and much more elaborate than, those in place at the time of the appeal to the BIA in [*Ramirez–Alejandre*]." *Id.* at 869. Under these new regulations, Petitioners could have filed a motion with the BIA during the pendency of their appeal requesting the Board to remand the proceedings to the IJ for consideration of new evidence. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand."). As a result, Petitioners' reliance on *Ramirez–Alejandre* is unavailing.

Petitioners also contend that their brief to the BIA was in fact a motion to reconsider, which "may be deemed a motion to remand the decision for further proceedings before the Immigration Judge." 8 C.F.R. § 1003.2(b)(1). There is no indication within this brief that it was a motion to reconsider. Moreover, the purpose of such a motion is *"not to raise new facts,* but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact." *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc) (emphasis added). We therefore decline to construe Petitioners' brief to the BIA as a thwarted attempt to present new evidence seven months after the IJ's decision.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**