Hai Ying CHEN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 05–3792–AG.

United States Court of Appeals, Second Circuit.

Nov. 29, 2006.

Joshua Bardavid (Theodore N. Cox, on the brief), Law Offices of Theodore N. Cox, New York, N.Y., for Appellant.

Kirthi Vaidya Reddy, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, N.Y., for Appellee.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN and GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner Hai Ying Chen ("Chen"), a native and citizen of the People's Republic of China, seeks review of a July 13, 2005 order of the BIA construing Chen's "Motion to File Successive Asylum Application Pursuant to 8 C.F.R. § 208.4 Or In the Alternative Motion to Reopen Based on *Velarde*" as a motion to reopen, and denying it as untimely. *In re Hai Ying, Chen,* No. A 77 914 326 (BIA July 13, 2005). We presume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review the BIA's conclusions of law *de novo. Almeida–Amaral v. Gonzales,* 461 F.3d 231, 234 (2d Cir.2006). Insofar as the BIA has applied the correct interpretation of law, we review its decision to deny a motion to reopen for abuse of discretion. *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 113 (2d Cir.2006).

The BIA's authority is a creature of regulation. *Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 864 (9th Cir.2003) (observing that the BIA is "vested with the authority to exercise the discretion granted by the Attorney General consistent with the statutory requirements."), *superseded on other grounds by regulation,* 8 C.F.R. § 1003.1(d)(3)(iv), *as recognized in Monroy–Perez v. Ashcroft,* 103 Fed.Appx. 174, 175 (9th Cir.2004) (not precedential); 1–3 Charles Gordon et al., *Immigration Law and Procedure* § 3.05 (2006). The BIA is an appellate body. 8 C.F.R. § 1003.1(d)(1) ("The Board shall function as an appellate body charged with the review of those administrative adjudications under the Act that the Attorney General may by regulation assign to it."). As such, it is limited by regulation to hearing certain enumerated appeals (8 C.F.R. § 1003.1(b)(1)-(14)) as well as motions to reconsider (8 C.F.R. § 1003.2(b)) and to reopen (8 C.F.R. § 1003.2(c)).

Thus, to the extent that Chen's motion was (as it was actually styled) a motion to file a successive asylum petition, the BIA lacked jurisdiction to adjudicate it. To the extent that it was construed as a motion to reopen (a motion which, pursuant to 8 C.F.R. § 1003.2(c), the BIA properly had jurisdiction to adjudicate), it was properly denied. Chen's motion was filed more than "90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The BIA therefore could consider the motion only if it was "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). But Chen's motion was

expressly "based upon changed personal circumstances,"—*i.e.,* two children born in the United States—and asserted that the birth of those two children made her "subject to China's despotic one-child family planning policies." Because Chen's motion was premised on changed personal circumstances, the BIA did not abuse its discretion in denying it.

 The issue briefed by the parties—whether an alien subject to a final order of removal may submit a successive and untimely asylum petition pursuant to 8 U.S.C. § 1158(a)(2)(D)—is one that could be presented in the first instance to an immigration judge and, presumably, would subsequently be considered by the BIA.

For the reasons set forth above, the petition is hereby **DENIED**. Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.