XIU YU BIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–3031–ag.

United States Court of Appeals,
Second Circuit.

March 5, 2007.

Peter D. Lobel, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Yu Bian, a citizen of the People's Republic of China, seeks review of a June 1, 2006 order of the BIA affirming the January 31, 2005 decision of Immigration Judge ("IJ") Philip Morace, denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Yu Bian,* No. A95 673 235 (B.I.A. June 1, 2006), *aff'g* No. A95 673 235 (Immig. Ct. N.Y. City Jan. 31, 2005). When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005);

*Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ's adverse credibility determination in this case is supported by substantial evidence. Bian recanted several material assertions about her past persecution from her asylum application—that she had been a youth leader for a Catholic Church and that she had been arrested in February 2004—and explained that the inaccurate information had been "inserted by [her] prior law firm." Bian also admitted during her testimony that she had made false statements during her airport and credible fear interviews, which were not recanted in her submitted affidavit. During her airport interview, Bian indicated that her "parents belong[ed] to the Falun [G]ong." During the airport interview, she similarly indicated that her parents were "practitioners of Falun Gong," and that she had been arrested for selling Falun Gong literature in a bookstore that she owned. Bian testified instead that these assertions were untrue—her parents were not Falun Gong members and she had not owned a bookstore.

The discrepancies between Bian's testimony and her airport and credible fear interviews go to the heart of her past persecution claim and, therefore, provide substantial evidence to support the IJ's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308. The IJ was thus reasonable in finding that Bian's "willingness to state false information under oath on two previous occasions even prior to filing the application for political

asylum," diminished the reliability of her testimony at the immigration hearing.

While Bian's explanation for her previous false assertions may be plausible, that her prior attorney counseled her to submit the false statements, a reasonable fact-finder would not be compelled to find her testimony during the immigration hearing credible in light of the previous false statements. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (stating that the substantial evidence standard requires a petitioner to demonstrate that a reasonable fact-finder would be compelled to credit her testimony). To the contrary, the knowing filing of a false asylum application casts a serious shadow on an applicant's overall credibility. As noted by the IJ, while applicants should be encouraged to recant false statements and withdraw false applications, the agency is not required to overlook such falsities in making its ultimate determination.

■ Additionally, substantial evidence supports the IJ's determination that Bian presented "no documentary form of evidence that could rehabilitate her testimony." *See Zhou Yun Zhang*, 386 F.3d at 78 (an applicant's failure to corroborate her testimony may bear on credibility by making the applicant unable to rehabilitate testimony that has already been called into question). Bian testified that the letters she entered into evidence, purportedly written by her father and her aunt were, in fact, false documents provided by her previous attorney. Bian also entered into evidence a letter from the American Fujianese Catholic Association ("AFCA") indicating that she continues to practice her Catholic faith. However, in light of the admittedly false documents Bian submitted in support of her claim, the IJ was not unreasonable in determining that he could not rely solely on the AFCA letter to rehabilitate Bian's testimony. Substantial evidence therefore supports the IJ's conclusion that Bian failed to establish her eligibility for asylum relief through credible testimony.

■ Because the only evidence of a threat to Bian's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Wu Biao Chen*, 344 F.3d at 275.

■ We do not find, as the Government argues, that Bian failed to exhaust her CAT claim. However, because that claim was based on the same factual predicate as her claims for asylum and withholding of removal and substantial evidence supports the IJ's determination that Bian failed to testify credibly, substantial evidence also supports the IJ's determination that Bian failed to establish a likelihood of torture upon her return to China. *See, e.g., Shou Yung Guo v. Gonzales*, 463 F.3d 109, 113 (2d Cir.2006) (affirming BIA's conclusion that prior adverse credibility determination fatally undermined CAT claim because that claim rested upon the same facts found not credible). Thus, the IJ's denial of Bian's CAT claim was proper.

Accordingly, Bian's petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.