**TWIN FEN YANG, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–0820–ag.

United States Court of Appeals,
Second Circuit.

Oct. 18, 2007.

David X. Feng, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Debora Gerads, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Twin Fen Yang, a native and citizen of China, seeks review of a February 5, 2007 order of the BIA affirming the April 26, 1999 decision of Immigration Judge ("IJ") Larry R. Dean denying her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Twin Fen Yang,* No. A72–456–839 (B.I.A. Feb. 5, 2007), *aff'g* No. A72–456–839 (Immig. Ct. N.Y. City April 26, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

As an initial matter, we need not consider Yang's arguments regarding the agency's credibility findings, because, even if those findings were in error, there is a valid alternative basis upon which the agency denied relief. *See Xiao Ji Chen,* 471 F.3d at 335. As the agency properly determined, Yang failed to demonstrate either past persecution or a well-founded fear of future persecution.

■ Yang alleges that the agency failed to analyze the economic harm she endured, consisting of a fine, the confiscation of her property, and her husband's loss of employment. However, while the BIA did not address specifically her economic harm argument, there is no indication that it did not consider such argument in finding that the harm she endured "even in the aggregate" did not amount to persecution. *See*

*Xiao Ji Chen,* 471 F.3d at 336 n. 17 (noting that an IJ is presumed to have considered all of the evidence before her unless the record compels otherwise). Moreover, Yang's allegation that she was subjected to a fine and that her husband lost his job, even if taken as true, do not amount to persecution. *See Matter of T–Z–,* 24 I. & N. Dec. 163, 170–72, 177 (BIA 2007) (emphasizing that economic harm must be "severe," such that it would "constitute a threat to an individual's life or freedom"). Nor did Yang allege additional incidents that rose to the level of persecution where she was never forcibly inserted with an IUD or sterilized. Accordingly, the agency's finding that Yang did not demonstrate past persecution was supported by substantial evidence. *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006).

■ Further, although Yang argues that the BIA applied the wrong legal standard because it used the term "likely" in analyzing whether she demonstrated a well-founded fear of future persecution, the BIA's analysis shows that it found that Yang's claim that she feared forced sterilization was "merely speculative," and that she had therefore failed to establish a well-founded fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). While Yang alleged that it is "highly probable that she will confront sterilization or abortion … when found pregnant again if she returns to China," she did support her allegations with any relevant evidence, given that the main evidence that she presented concerns conditions in Fujian Province, while she is from Zhejiang Province. *See Matter of C–C–,* 23 I. & N. Dec. 899, 902–03 (BIA 2006).

While Yang submitted the "oft-cited" Aird affidavit to support her claimed fear of sterilization, both the BIA and this Court have found such evidence insufficient to demonstrate that the Chinese government enforces a policy of forced sterili-

zation. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006); *see also Matter of J–W–S–,* 24 I. & N. Dec. 185, 190 (BIA 2007).

Yang attempts to rely on the documents discussed by this Court in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). However, this Court has never found that such documents are evidence of a policy of forced sterilization. Indeed, the BIA has pronounced upon those documents, finding that they are not.[2] The BIA has indicated that an alien with two children may qualify as a refugee if the evidence presented establishes: (1) that the births violated the family planning policy in that alien's locally defined area; and (2) that local family planning enforcement efforts would give rise to a well-founded fear of persecution. *See Matter of J–H–S–,* 24 I. & N. Dec. 196, 201 (BIA 2007); *Matter of J–W–S–,* 24 I. & N. Dec. 185. Because Yang has presented no evidence regarding the policies in Zhejiang Province, she has failed to establish that she has a well-founded fear of future persecution.

Because Yang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Further, because Yang has failed to sufficiently argue her CAT claim before this Court, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**GUO LIANG LIN, Petitioner,**

**v.**

---

**2.** To the extent that Yang argues that her case should be remanded for the BIA to consider the documents discussed in *Shou Yung Guo,* 463 F.3d 109, that argument is without merit. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007). Even if the documents were relevant to her case, they were never presented to the BIA. The proper course for an alien seeking to present new evidence in such circumstances is to file a motion to reopen with the BIA. *See* 8 C.F.R. § 1003.2(c)(1).