**HUA JUN XIONG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 06–5282–ag.

United States Court of Appeals, Second Circuit.

Oct. 26, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Robert J. Adinolfi, New York, NY, for Petitioner.

Peter D. Keisler, Acting Atty. General and former Asst. Atty. General, Michelle Gorden Latour, Asst. Director, Rebecca A. Niburg, Trial Atty., United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Hua Jun Xiong, a native and citizen of China, seeks review of the November 2, 2006 order of the BIA affirming the June 21, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Jun Xiong*, No. A95 460 340 (B.I.A. Nov. 2, 2006), *aff'g* No. A95 460 340 (Immig. Ct. N.Y. City, June 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir.2007).

As an initial matter, we find it unnecessary to examine the agency's adverse credibility determination because even assuming Xiong was credible, he did not establish eligibility for the relief he sought before the agency.

■ Pursuant to our recent decision in *Shi Liang Lin v. U.S. DOJ*, 494 F.3d 296 (2d Cir.2007) (in banc), Xiong is not per se eligible for asylum based on his wife's alleged forced abortions. *See id.* at 314. Moreover, Xiong does not raise any argument in his brief to this Court that he engaged in "other resistance" to China's coercive population program. *Id.* (citing 8 U.S.C. § 1101(a)(42)).

■ Regarding Xiong's fear of sterilization because he allegedly fathered two children, we agree with the IJ that there was no documentation here that would indicate that he would be sterilized. Recently, the BIA held that in order for an alien who fathered two children to establish eligibility for asylum, he must: (1) provide details about the planned birth policy as it exists in his local area of China; (2) demonstrate that he violated that policy; and (3) demonstrate that any sanctions for the violation would rise to the level of persecution. *See Matter of J–H–S–*, 24 I. & N. Dec. 196, 201 (BIA 2007). Even assuming that the birth of Xiong's son in the U.S. in 2002, sixteen years after the alleged birth of his daughter in China, was a violation of China's planned birth policy as it is enforced in his home province of Fujian, there was no record evidence that he would face sterilization for that reason. A U.S. State Department report in the record entitled China: Profile of Asylum Claims and Country Conditions provides that while economic penalties (e.g., fines, loss of employment) and "coercion through public

and other pressure" are used against parents in Fujian Province who violate the planned birth policy, U.S. consular officials "did not find any cases of physical force employed in connection with ... sterilization." *See also Matter of J–HS–,* 24 I. & N. Dec. at 203; *Matter of S–Y–G–,* 24 I. & N. Dec. 247, 257 (BIA 2007) (noting that refugee protection extends only to instances of "forced" sterilizations); *Matter of T–Z–,* 24 I. & N. Dec. 163, 170 (BIA 2007) (noting that an abortion induced by the threat of economic sanctions is not "forced" unless the threatened loss of employment, potential fines, etc., would, if carried out, amount to persecution). Accordingly, Xiong failed to demonstrate that any sanctions he would face for fathering two children would rise to the level of persecution.[2] *See Matter of J–H–S–,* 24 I. & N. Dec. at 199–201.

As Xiong did not meet his burden of proof for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Regarding Xiong's CAT claim, the only basis for such relief that he argues in his brief to this Court is his alleged illegal departure from China. However, because Xiong failed to raise his alleged illegal departure as a basis for CAT relief in his appeal to the BIA, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**MING ZHU CHE, Petitioner,**

**v.**

---

**2.** Contrary to Xiong's argument, we need not remand in light of *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), or *Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48 (2d Cir.2007), because the documents at issue in those decisions do not appear in the record, and we may not remand for the consideration of evidence that was not in the record before the agency. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).