QIANG CHEN, Petitioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 07–0599–ag.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2007.

Liu Yu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiang Chen, a citizen of the People's Republic of China, seeks review of a February 5, 2007 order of the BIA affirming the September 15, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Chen,* No. A 97 958 059 (B.I.A. Feb. 5, 2007), *aff'g* No. A 97 958 059 (Immig. Ct. N.Y. City, Sept. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA explicitly indicates that it is "deciding the case on the assumption, contrary to the IJ's finding, that [petitioner's] testimony was credible," this Court reviews only the decision of the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

"We review the factual findings of the immigration court for 'substantial evidence.'" *Id.* (quoting *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005)). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006) (to allow meaningful judicial review, the Court requires a certain minimal level of analysis from agency decisions denying asylum).

We have held that the agency abuses its discretion when it fails to sufficiently examine an applicant's supporting documents, and it is not apparent that the agency "paid any attention" to them. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006). We have also vacated and remanded when the BIA fails to consider country condition reports that "speak[ ] significantly to [a petitioner's] fear of future persecution in light of his assumed credible testimony." *Yan Chen,* 417 F.3d at 275.

Here, as in *Yan Chen,* the BIA apparently failed to consider the two Department of State reports in the record, which indicate that Falun Gong practitioners are

subject to severe mistreatment in China. While it is possible that the BIA distinguished Chen's situation from that of the Falun Gong practitioners described in the State Department reports as being persecuted, it was obliged to articulate its reasoning. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) (holding that IJ's failure to take the entire record into consideration was error).

"Where the immigration court fails to consider important evidence supporting a petitioner's claim, we are 'deprived of the ability adequately to review' the claim and must vacate the decision and remand for further proceedings." *Yan Chen,* 417 F.3d at 275. Accordingly, we remand to allow the BIA "consider the report[s'] impact on Chen's claim." *Id.* As in *Yan Chen,* we note that this remand "encompasses an opportunity for the BIA to render a credibility finding." *Id.*

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.