**YI HUA CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General [1], Respondent.**

No. 07–3448–ag.

United States Court of Appeals, Second Circuit.

Feb. 22, 2008.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yi Hua Chen, a native and citizen of China, seeks review of a July 25, 2007 order of the BIA, affirming the July 29, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Hua Chen,* No. A96 267 566 (B.I.A. July 25, 2007), *aff'g* No. A96 267 566 (Immig. Ct. N.Y. City July 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we find that Chen has waived any challenge to the agency's denial of withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We find that the record supports the agency's determination that Chen failed to establish eligibility for asylum. Here, Chen's sole argument is that an affidavit from her sister provides sufficient evidence that Chen herself will face forced sterilization on account of her two U.S.-born children. However, in the affidavit, Chen's sister simply attests to the fact that she was forcibly sterilized after the birth of her two children in China. As the affidavit presents no information regarding the treatment of Chinese citizens with foreign-born children and Chen failed to provide any other evidence of such treatment,[2] substantial evidence supports the agency's determination that she failed to demonstrate a well-founded fear of persecution on account of her U.S.-born children. *See Jian Xing Huang v. U.S. I.N.S.,* 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *see also Matter of J–W–S–,* 24 I. & N. Dec. 185, 192 (BIA 2007) (calling into question whether children born abroad are counted in terms of China's family planning policy).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** Despite Chen's resort to *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 112–13 (2d Cir.2006), we decline to remand based on evidence not found in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).