**Kezi CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Michael B. Mukasey,[1] Respondents.**

No. 06–5206–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Thankful T. Vanders-

tar, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. WALKER, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Kezi Chen, a native and citizen of the People's Republic of China, seeks review of an October 31, 2006, order of the BIA affirming the June 13, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kezi Chen,* No. A70 900 114 (B.I.A. Oct. 31, 2006), *aff'g* No. A70 900 114 (Immig. Ct. N.Y. City Jun. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Chen claims, inter alia, that he is eligible for relief because he would be forcibly sterilized if he returned to China, the births of his two children in the United States having been in violation of China's family planning policy.

The government seeks remand of this case to the BIA in light of this Court's remand of a related case, *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). In *Shou Yung Guo,* record documents purport to show the existence of a policy within Changle City, Fujian Province, mandating sterilization of all Chinese nationals with more than one child regardless of where the children were born. The government seeks remand so that the BIA may reassess petitioner's claim of a well-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

founded fear of sterilization in light of the BIA's anticipated decision in *Shou Yung Guo.*

Chen contends that authority for a remand in this case is also found in *Tian Ming Lin v. Gonzales,* 473 F.3d 48 (2d Cir.2007), and *Jin Xiu Chen v. U.S. Dep't. of Justice,* 468 F.3d 109 (2d Cir.2006), where we remanded petitioners' claims even though the documents at issue in *Shou Yung Guo* were not included in the administrative records in those cases.

We agree that the authorities cited by both parties are pertinent and therefore remand this case to the BIA for further proceedings in accordance with our decisions and directions in *Tian Ming Lin, Jin Xiu Chen,* and *Shou Yung Guo.*