### FENG ZHENG, Petitioner,

v.

### Michael B. MUKASEY,[1] United States Attorney General, Respondent.

### No. 07–3382–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Anthony Wray Norwood, Senior Litigation Counsel; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Feng Zheng, a native and citizen of China, seeks review of a July 26, 2007 order of the BIA, affirming the November 29, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which pretermitted her application for asylum and denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Feng Zheng*, No. A98 776 017 (B.I.A. July 26, 2007), *aff'g* No. A98 776 017 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, 8 U.S.C. § 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324 (2d Cir.2006). Although Zheng appears to have raised a question of law related to the agency's finding that her asylum application was time-barred, we need not resolve that complicated jurisdictional issue. Rather, we assume hypothetical jurisdiction to consider the merits of her claim as the jurisdictional issues are complex and the substance of her claim is plainly without merit. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir.2006).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

Here, we find that the record supports the agency's determination that Zheng failed to establish eligibility for the relief sought. Before the agency, Zheng asserted that there was a likelihood that she would be persecuted and tortured by forcible sterilization for having had two children born in the United States purportedly in violation of China's family planning policy. As Zheng presented no evidence regarding the treatment of Chinese citizens with foreign-born children,[2] substantial evidence supports the agency's determination that she failed to demonstrate a well-founded fear of persecution or a likelihood of persecution and torture upon her return to China on account of her U.S.-born children. *See Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that an applicant who is unable to show the objective likelihood of persecution needed to make out an asylum claim is necessarily unable to meet the

---

2. Despite Zheng's resort to *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 112–13 (2d Cir.2006), we decline to remand based on evidence not found in the record. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007).

higher standard required to succeed on a claim for withholding of removal); *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (requiring particularized evidence of a likelihood of torture to establish eligibility for CAT relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).