**SHOU YUNG GUO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General of the United States, Respondent.**

**Docket Nos. 02–4275–ag(L), 04–0732–ag(CON).**

United States Court of Appeals, Second Circuit.

Submitted: Aug. 23, 2005.

Decided: Sept. 6, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(1), Attorney General Alberto R. Gonzales is automatically substituted as the respondent in this case.

likely than not, she would face torture if she were returned to China. In the second motion, filed in September 2003, Guo sought asylum based on changed country conditions in her home province surrounding enforcement of the one-child policy. The BIA denied it on the ground that the documentary evidence she tendered failed to establish changed circumstances. For the reasons set forth below, we conclude that the BIA did not abuse its discretion in denying the first motion. Because we conclude that the BIA did not give appropriate consideration to Guo's evidence, we remand the second for further proceedings.

Gang Zhou, New York, NY, for Petitioner.

Jonathan H. Koenig, Assistant United States Attorney for the Eastern District of Wisconsin, for Steven M. Biskupic, United States Attorney, Milwaukee, WI, for Respondent.

Before MESKILL, SACK, and B.D. PARKER, Circuit Judges.

B.D. PARKER, JR., Circuit Judge.

Petitioner Shou Yung Guo, a Chinese national from Changle City in the Fujian Province, appeals two decisions of the Board of Immigration Appeals, each dismissing motions to reopen her asylum application. The application was based on China's coercive one-child birth control policies, and the appeals have been consolidated. Her first motion, filed in June 1999, sought permission to apply for relief under the Convention Against Torture ("CAT"). The BIA denied it, concluding that the Immigration Judge's adverse credibility finding on her underlying application, where she had raised the same argument, meant that she could not show, as required under the CAT, that, more

## Background

Guo entered the United States in October 1992, and in February 1993 applied for asylum and withholding of removal on the basis that she had violated China's one-child policy and would be subject to forcible sterilization if she were required to return. In January 1996, the Immigration Judge, William F. Jankun, denied Guo's application, mainly on the ground that he did not believe her testimony.

This finding was based on a number of significant inconsistencies between her airport interview, her asylum application, and her hearing testimony. For example, in her airport interview, Guo stated that she had two children. At her hearing, she testified that she had two children prior to leaving China, one born to her in China in 1988 and a second one that she adopted in 1991 after finding it on her doorstep, and a third born in the United States in 1995. She failed to mention the adopted child in her asylum application. In her airport interview, Guo stated that she and her husband were ordered to undergo sterilization. But Guo failed to mention this fact in either her hearing testimony or in her asylum application. Instead, in both in-

stances, Guo stated that she was given the choice of undergoing sterilization or having an IUD inserted and that she had one inserted in 1988. At her hearing, she produced medical evidence that an IUD was inserted, in 1990 rather than in 1988. To explain this apparent discrepancy, Guo testified that the 1988 IUD was removed approximately three months after implantation and that a second IUD was inserted in March 1990. She also testified that she was forced to have an abortion at the time the second IUD was removed. However, her asylum application and airport interview did not mention the forced abortion, the removal of the first IUD, or the insertion of the second.

Based on these and other inconsistencies, the IJ denied her application. The IJ found Guo's explanation for why she did not list the second child on her asylum application implausible, concluding that her account of the adopted child was fabricated to make her airport interview consistent with her testimony at the asylum hearing. The IJ found that Guo only had two children: one born to her in China, and one born in the United States. He concluded that Guo had failed to establish either past persecution or a well-founded fear of future persecution through sterilization if she were removed to China. He believed that the birth of a second child in the United States did not appear to offend Chinese family planning policies. Guo herself testified that she believed that she could have two children without violating the policy. The IJ also noted that, having failed to meet the standard for asylum, she also failed to meet the higher standard of establishing a clear probability of persecution required for withholding of deportation.[1] Guo appealed to the BIA, which affirmed the IJ's decision, finding that the numerous inconsistencies identified by the IJ supported the adverse credibility finding. Guo did not petition our Court for review of this initial BIA ruling.

*First Motion to Reopen*

■ In June 1999, Guo filed her first motion to reopen so that she could apply for CAT relief. To obtain CAT relief, she had to show that if removed, she more likely than not would suffer torture in the future. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003). Guo argued that she had three children and that her past experiences with the family planning authorities convinced her that she would be forcibly sterilized if she were required to return to China.

The BIA rejected Guo's argument that she was entitled to relief under the CAT because she would suffer forced sterilization. The BIA noted that her motion to reopen failed to explain her inconsistencies and also failed to challenge the BIA's decision affirming the IJ's adverse credibility finding. The BIA explained that because her same argument about forced sterilization had previously been considered and rejected as incredible by the IJ and the BIA, she had failed to establish that she had suffered past persecution or had a well-founded fear of future persecution, and therefore, she could not demonstrate that she was entitled to CAT relief.

*Second Motion to Reopen*

In September 2003, Guo filed a second motion to reopen, this time seeking relief on the basis of changed country conditions. Guo presented evidence that her counsel received from another client dated several years after her 1996 asylum hearing. The documents in question were 2003 decisions from the Changle City Family–Planning Administration and the

---

**1.** *See* Immigration and Nationality Act ("INA") § 243(h), 8 U.S.C. § 1158(a) (1995) (amended 1996, current version at 8 U.S.C. § 1158(b)(1) (2002)).

Fujian Province Department of Family–Planning Administration. These decisions dealt with the sanctions applicable to Chinese nationals who had given birth to a child while living abroad. The first stated that "where either parent remains a Chinese national and citizen with no permanent residence overseas, any child of such a couple ... is deemed a Chinese national and shall not be treated as [a] foreign national or citizen for domestic administrative purposes." The decision cautioned that Chinese nationals engaging in "any reproductive behavior in violation of family-planning enforcement in China" will be sanctioned according to family-planning rules and regulations enforced at the local level, subject to exceptions for those having a permanent residence overseas or a temporary visa for at least a three year stay. The Fujian Province Department of Family–Planning Administration affirmed the Changle City opinion. Subject to the same exceptions noted above, the Fujian Province decision concluded:

> [N]o exception or waiver shall be applicable to Chinese nationals and citizens who engage in reproductive behavior overseas in violation of family-planning regulations as enforced in his or her area of residence of household registration in China.... Such Chinese nationals and citizens shall be subject to family-planning enforcement upon resettlement in China.

Guo also submitted a document from 1999 entitled "Q & A for Changle City Family–Planning Information Handbook." ("Q & A Handbook"), indicating that the birth of a second child would result in forced sterilization. In response to the question, "What birth-control measures are to be imposed upon birth of a first child / a second child pursuant to the provincial family-planning regulations?," the answer stated, "An IUD insertion is mandatory upon birth of a first child; sterilization upon birth of a second child."

The BIA summarily denied Guo's second motion to reopen on the ground that she had not demonstrated changed circumstances. The BIA characterized the documents as "new," rather than "not [previously] available" as required by the applicable regulations and, without any evident attention to the content of the documents, merely concluded that "the applicant has failed to show any change in Chinese policy." *See* 8 C.F.R. § 1003.2(c)(3)(ii). This appeal followed.

**Discussion**

 We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Since the BIA has broad discretion to grant or deny motions to reopen, in reviewing such a motion, "we are precluded from passing on the merits of the underlying exclusion proceedings," including adverse credibility determinations. *Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006) (citation and internal quotation marks omitted). Our review is instead confined to whether the denial of the motion to reopen constituted an abuse of discretion, and in that regard, we do not revisit an IJ's adverse credibility finding. *Id.*

 The BIA concluded that since Guo did not appeal the IJ's finding that the prospect of her facing forcible sterilization was not credible, her CAT claim was fatally undermined since it rested upon the same facts found unbelievable. Guo's principal contention is that this conclusion constituted an abuse of discretion because under our decision in *Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004), an adverse credibility determination made for the purpose of an asylum claim cannot serve as the sole basis for denying a CAT

claim. The heart of Guo's CAT claim is that she will face forcible sterilization upon return to China and that sterilization constitutes torture within the meaning of CAT. *See* 8 C.F.R. § 208.18(a)(5). Guo maintains that, to deny her CAT claim, the BIA was required to revisit her contention that she would face torture through forced sterilization, rather than simply relying on the IJ's adverse credibility determination. We disagree.

In *Paul*, we held that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.*" 444 F.3d at 154. In denying Guo's asylum claim, the IJ determined that, given her numerous inconsistent statements, she had failed to establish a key fact, which serves as the only basis for her proposed CAT claim, namely, that she would face sterilization as a result of having given birth to a second child in the United States. In *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520 (2d Cir. 2005), we explained that "the affirmable finding of the IJ that [a] key fact was not established fatally undercuts [petitioner's] CAT claim." *Id.* at 523. In other words, where an IJ finds that a petitioner has failed to establish a dispositive fact which forms the only potentially valid basis for a CAT claim, the BIA may deny the claim. Conversely, a prior adverse credibility finding does not compel that result if the facts on which the claim are based are independent of the testimony found not to be credible.

Guo misreads *Ramsameachire*. There, we held that a CAT claim cannot be denied solely on the basis of an adverse credibility finding since a CAT claim may be established using different evidence and theories than those used for asylum claims. *Ramsameachire*, 357 F.3d at 184–85. *Paul* and *Xue Hong Yang* clarify that *Ramsameachire* applies only to situations where the adverse credibility finding does not eliminate all of the factual bases for the claim of likely future persecution. Since Guo's CAT claim was premised on the conclusion that she would be subject to torture in the form of sterilization, and she offered no additional evidence beyond the story deemed false in the asylum hearing, the BIA's conclusion that she was not entitled to reopen to pursue the CAT claim was not an abuse of discretion.

The BIA denied Guo's second motion on the ground that she did not show "changed circumstances."[2] In support of the motion, Guo submitted documents apparently reflecting the adoption of a new policy in Changle City. Her attorney obtained these documents in late 2003 in connection with his representation of an alien in a different proceeding. Under the policy, foreign-born children would be counted in determining violations of the one-child policy. All of the documentation postdated her hearing. The BIA denied the motion, concluding that Guo had merely submitted "new" documents that failed to establish changed circumstances. This conclusion is not accurate.

Motions to reopen must be based on evidence that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA dismissed the documents at issue as "new"; but the applicable test is not whether they

---

**2.** Under 8 C.F.R. § 1003.2(c)(2), a respondent normally is limited to one motion to reopen. However, a respondent may file a subsequent motion if it falls under the "changed circumstances" exception. *See* 8 C.F.R. § 1003.2(c)(3).

were new but whether they were previously available. As the government concedes, the documents could not have been presented at the asylum hearing and obviously were "not available" because they were dated years later.

Also, the documents unquestionably are material. Putting aside Guo's assertion about an adopted child in China, which the IJ did not believe, the record established that Guo had given birth to a child in China prior to filing her application for asylum in 1993, and gave birth to a second child in 1995 after arriving in the United States, but before being ordered to depart in 1996. Therefore, Guo appears to fall into the category of persons described in the documents. Moreover, the locally-issued Q & A Handbook lends powerful potential support to a finding of changed circumstances because it states that a parent of two children such as Guo would, on her return, be subject to forced sterilization, even if one were born outside of China. This document, which apparently reflects governmental policy in the province of China where Guo lived and to which she would be deported, cannot easily be reconciled with the 2002 State Department Report which claims that the Chinese government opposes forced sterilization. Suffice it to say, whether the central government "opposes" the practice and whether it has ceased are entirely different issues. What the reality is cannot be determined at this point. Tellingly, the Government concedes that the Handbook apparently supports Guo's claim of changed conditions.

It is not apparent to us that the BIA ever really paid any attention to the documents. In *Poradisova v. Gonzales*, 420 F.3d 70 (2d Cir.2005), we cautioned "that IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim." *Id.* at 81. Moreover, we recognized that "[a] similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions." *Id.* Since the documents Guo submitted are so self-evidently material, we are hard pressed to understand how the BIA could have dismissed them so casually. In any event, the BIA's failure to consider them was an abuse of discretion. *Cf. Paul,* 444 F.3d at 150. In light of this failure, we are not in a position to confidently predict what the outcome would have been without such an error. *See Li Zu Guan v. INS,* 453 F.3d 129, 137 (2d Cir.2006). For this reason, we remand to the BIA to consider Guo's evidence of changed circumstances and whether, in light of any such circumstances, she can establish a well-founded fear of persecution.

## Conclusion

For the foregoing reasons, we DENY the first petition for review. The second petition for review is GRANTED. The decision of the BIA is VACATED, and the case REMANDED to the BIA for further proceedings consistent with this opinion.