**XIANG LI FAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–1648–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

Matthew L. Guadagno, Kerry W. Bretz, Jules E. Coven, Bretz & Coven LLP, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Jonathan D. Colan, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiang Li Fan, a native and citizen of the People's Republic of China, seeks review of a March 21, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Xiang Li Fan*, No. A77 480 659 (BIA Mar. 21, 2006). Previously, the BIA had summarily affirmed the May 12, 2004 decision of Immigration Judge ("IJ") Barbara Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Li Fan*, No. A77 480 659 (BIA Sept. 9, 2005), *aff'g* No. A77 480 659 (Immig. Ct. N.Y. City May 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

The BIA did not abuse its discretion in denying Fan's motion to reopen based on the recent births of his two children in the United States when (1) he had not experienced any encounters with the family planning authorities in the past; (2) he admitted that his girlfriend and two children would not be accompanying him to China; and (3) the evidence he submitted did not indicate that the Chinese government had any policy of sterilization or other automatic punishment for its citizens, simply because they had children abroad. The 2004 State Department report indicated that while the family planning policies—including incentives, sanctions, and encouraged sterilizations—remained in effect, and enforcement remained inconsistent, there was no specific element in the evidence submitted to suggest a reasonable possibility of sterilization or other severe punishment for someone in Fan's particular circumstances. Because the BIA indicated that it gave the evidence in the record adequate consideration, that evidence was inconclusive, and the BIA's conclusion in this case was consistent with its subsequent holding in *Matter of C–C–*, 23 I. & N. Dec. 899, 2006 WL 805042 (BIA 2006), and with this Court's previous holdings in *Jian Xing Huang v. INS*, 421 F.3d 125 (2d Cir.2005) and *Wei Guang Wang v. BIA*, 437 F.3d 270 (2d Cir.2006), we conclude that the BIA did not abuse its discretion. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *cf. Shou Yung Guo v. Gonzales*, 463 F.3d 109, 114–15 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.