**AI QIN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–3377–ag.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Meer M.M. Rahman, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, George M. Kelley, III, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Ai Qin Lin, a native and citizen of the People's Republic of China, seeks review of a June 23, 2006 order of the BIA affirming the November 16, 2004 decision of Immigration Judge ("IJ") Noel A. Brennan denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Qin Lin,* No. A78 210 699 (B.I.A. June 23, 2006), *aff'g* No. A78 210 699 (Immig. Ct. N.Y. City Nov. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the IJ's decision to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's adverse credibility finding with regard to Lin's alleged experience in China, when she gave contradictory testimony regarding the circumstances of her illegal cohabitation and mandatory physical examination, as well as about the documents she submitted. Moreover, the BIA prop-

erly emphasized that the IJ's adverse credibility finding was appropriate when it was based, in part, on observations that Lin's demeanor was "hesitant and evasive." *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ Because it is not disputed that Lin has a daughter, who was born in the U.S. in 1999, the more critical question is whether she demonstrated a well-founded fear of future persecution on this basis. The BIA concluded that she did not, when the State Department reports in the record indicated that the parent of a single female child could apply for permission to have another child, provided that permission is sought four years after the birth of the first child—Lin's situation. Lin has not submitted any evidence to counter this portion of the reports. *Cf. Shou Yung Guo v. Gonzales,* 463 F.3d 109, 114–15 (2d Cir.2006). Accordingly, based on the circumstances and evidence Lin presented to the BIA, the BIA reasonably concluded that any present fear of sterilization was not objectively reasonable, and we decline to disturb that conclusion. Finally, the BIA also properly denied Lin's CAT claim, when her only stated basis was her illegal departure from China, and she submitted no argument or evidence to suggest that someone in her "particular alleged circumstances" was more likely than not to be tortured, for any reason. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).