**PING ZHEN CHEN, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–0661–ag.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2007.

H. Raymond Fasano, Francie M. Funk, Madeo & Fasano, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney, Gerard J. Mene, Assistant U.S. Attorney, Alexandria, VA, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Ping Zhen Chen, a native and citizen of China, seeks review of a February 1, 2007 order of the BIA affirming the July 18, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen,* No. A 98 291 842 (B.I.A. Feb. 1, 2007), *aff'g* No. A 98 291 842 (Immig. Ct. N.Y. City July 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

& n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007).

Chen claims that substantial evidence does not support the agency's adverse credibility finding because the asserted inconsistencies and implausibilities were minor and based on impermissible speculation. However, we need not reach this claim because, even assuming Chen to be credible, Chen is not eligible for either asylum or withholding of removal based on his wife's forced sterilization. In our recent *en banc* decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007), we held that an individual whose spouse has been forced to undergo involuntary sterilization does not automatically qualify for refugee status under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (amending 8 U.S.C. § 1101(a)(42), Immigration and Nationality Act ("INA") § 101(a)(42)). In that case, we concluded that the statute "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin,* 494 F.3d at 308. Because Chen's application was based solely on his wife's forced sterilization, and not on any persecution that he has "suffered or must suffer," Chen has not, as a matter of law, established past persecution or a well-founded fear of future persecution and is thus ineligible for asylum or withholding of removal. Accordingly, even if the agency's adverse credibility finding were erroneous, remand would not be required. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005) (holding that this Court is not

required to remand where "there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion").

To the extent that Chen argues that remand is required based on the documents referenced in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), Chen's argument lacks merit because those documents are not in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007) (holding that this Court should not remand to consider additional evidence in the absence of government consent because agency regulations establish procedures for the taking of additional evidence).

Chen did not challenge the IJ's denial of CAT relief to this Court. As such, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).