**YUN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–2356–ag.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, James A. Hunolt, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Chen, a citizen of China, seeks review of a May 11, 2007 order of the Board of Immigration Appeals ("BIA"), denying a motion to reopen. *In re Yun Chen,* No. A79 415 044 (B.I.A. May 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34. As our review is "confined to whether the denial of the motion to reopen constituted an abuse of discretion," we do "not revisit an [immigration judge's ("IJ") ] adverse credibility finding." *Shou*

*Yung Guo v. Gonzales,* 463 F.3d 109, 113 (2d Cir.2006). The BIA may abuse its discretion, however, by denying a motion to reopen based on an IJ's prior adverse credibility determination where "the factual predicate of the applicant's [new] claim of future persecution is independent of the testimony that the IJ found not to be credible." *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006).

The BIA did not abuse its discretion in this case, as it provided a rational explanation for its denial of Chen's motion to reopen. *See Kaur,* 413 F.3d at 233–34. Chen's Falun Gong claim was premised on his alleged head injury received as a result of a beating by government officials who had come to his home to take his girlfriend for an abortion, in that he stated that he began practicing Falun Gong to alleviate the residual pain from the injury. The IJ's adverse credibility determination addressed Chen's alleged injury, as the IJ noted inconsistencies regarding: (1) the length of time that Chen was unconscious; (2) the length of Chen's hospital stay; (3) which hospital Chen had been taken to; and (4) the timing of the incident that allegedly caused the injury. Accordingly, the BIA's denial of the motion was not an abuse of discretion because Chen's Falun Gong claim is not independent of his prior testimony that the IJ found not credible. *See Paul,* 444 F.3d at 154.

For the foregoing reasons, the petition for review is DENIED.