**LIYIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3052–ag.

United States Court of Appeals, Second Circuit.

March 5, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wendtland, Assistant Director; Donald A. Couvillon, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Yin Chen, a native and citizen of the People's Republic of China, seeks review of a July 11, 2007 order of the BIA reversing the April 27, 2005 decision of Immigration Judge ("IJ") George T. Chew granting Chen's applications for asylum and withholding of removal. *In re Liyin Chen,* No. A 98 420 114 (B.I.A. July 11, 2007), *rev'g* No. A 98 420 114 (Immig. Ct. N.Y. City Apr. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The BIA relied on its prior holdings in *Matter of J–H–S–,* 24. I. & N. Dec. 196 (BIA 2007); *Matter of J–W–S–,* 24 I. & N. Dec. 185 (BIA 2007); and *Matter of C–C–,* 23 I. & N. Dec. 899 (BIA 2006), in finding that petitioner could not demonstrate a well-founded fear of future persecution based upon the birth of his two children in the United States. In those cases, the BIA developed a three-part burden of proof for asylum applicants claiming a well-founded fear of persecution by Chinese family planning officials based on the birth of multiple children outside of China. The applicant must demonstrate: (1) the existence of a specific "one-child" policy in his local village, (2) that the applicant violated that policy, and (3) that the applicant's violation of the policy "would be punished in the local area in a way that would give rise to an objective fear of future persecution." *Matter of J–H–S–,* 24 I. & N. Dec. at 199.

■ Here, Chen has failed to present evidence that the birth of his children in the United States violated the family planning policy in his local area of residence, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *See id.; Matter of J–W–S–,* 24 I. & N. Dec. at 192 (calling into question whether children born abroad are "counted" for purposes of China's family planning policy); *Matter of C–C–,* 23 I. & N. Dec. at 901. While Chen did submit a statement from a neighbor in his home town indicating that she was forcibly sterilized after having two children, the BIA's conclusion that this anecdotal report "does not indicate that such a practice is pervasive and that, as a result, the respondent has an objective reason to

fear persecution" is supported by substantial evidence, as no reasonable adjudicator would be compelled to reach a contrary conclusion.

Petitioner's claim that the BIA failed to consider all of the evidence he presented is without merit. The BIA explicitly discussed the Wu and Aird affidavits, concluding that their probative value was diminished by the fact that they were not specifically prepared for Chen's case. *See Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006) (noting relevance of Aird affidavit was "limited" because "it was not prepared specifically for petitioner and is not particularized as to his circumstances"). Further, in contrast to our decision in *Shou Yung Guo v. Gonzales,* there is no indication that the BIA failed to consider the statement from Chen's father. 463 F.3d 109, 115 (2d Cir.2006). Where, as in this case, the record does not "compellingly suggest" that the BIA did not "take into account all of the evidence before [it]," the Board is not required to address each piece of evidence in its ruling. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337, n. 17 (2d Cir.2006).

■ The record supports the BIA's finding that petitioner failed to demonstrate a "reasonable possibility" of persecution in China. As such, the agency's denial of Chen's asylum application was not error. Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).