

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2009

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jiang v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3791
_____

ZHEN JIANG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79 089 409)
Immigration Judge Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2009
Before: FUENTES, WEIS AND GARTH, Circuit Judges

(Opinion filed : May 04, 2009)

_____

OPINION
_____

PER CURIAM.

Zhen Jiang petitions for review of a Board of Immigration Appeals ("BIA")

decision denying her motion to reopen her immigration proceedings.  We will deny the

1

petition for review.

Jiang is a native and citizen of China who came to the United States in 2001. She was not admitted or paroled. Several weeks after her arrival, the Immigration and Naturalization Service issued a notice to appear charging that Jiang was subject to removal from the United States as an immigrant who, at the time of application for admission, did not possess a valid entry document. Jiang conceded that she did not have valid entry documents and the Immigration Judge found her removable as charged. The Immigration Judge also denied Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture. Jiang had claimed that she fled China after family planning officials began looking for her because she was living with her boyfriend and she was under the legal age for marriage. The Immigration Judge found Jiang not credible. The BIA dismissed Jiang's appeal in 2002.

Jiang remained in the United States, and, in 2006, she filed a motion to reopen the proceedings, stating that she had become the single mother of a son and that she was expecting a second child. Jiang believed that, if removed to China, she would be forced to undergo an abortion or sterilization because she had violated China's family planning policies. Jiang argued that she was prima facie eligible for asylum, and that she had submitted documentary evidence of the strict enforcement of China's coercive birth control policy, which was not available at her first hearing. In support of her motion, Jiang submitted, among other things, the Family Planning Regulations of Fujian Province,

2

the affidavit of John Aird,[1] a 2005 U.S. Department of State Profile of Asylum Claims and Country Conditions, letters from family members, and numerous newspaper articles. Jiang further asserted that, if the BIA denied reopening, the BIA should allow her to file a successive asylum application due to the changed circumstances.

The BIA determined that Jiang's motion to reopen was untimely under 8 C.F.R. § 1003.2(c)(2), and that Jiang did not meet the requirements of the exception to the time bar for motions to reopen based on changed country conditions. The BIA addressed the documentary evidence submitted by Jiang, noting that her father's letter did not refer to incidents of forced sterilization of parents who returned to China with children from abroad. The BIA noted that it had found in Matter of J-W-S, 24 I. & N. Dec. 185 (BIA 2007), that the same was true of the Aird affidavit. The BIA also found that a letter from Jiang's aunt, stating that she had been sterilized, did not provide sufficient support for reopening Jiang's case.

The BIA also noted that the 2005 U.S. Department of State Profile of Asylum Claims and Country Conditions states that, in Fujian Province, a family with U.S.-born children would be expected to pay social compensation fees, might be required to pay extra tuition, and would be expected to conform to the restrictions in Chinese law on future offspring. The BIA also recognized that the 2005 Profile provides that United

---

[1] According to the BIA's opinion in In re: J-W-S, cited at line 67, Aird is a demographer.

3

States diplomats in China were not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures. The BIA further stated that the birth of children in the United States constituted a change in personal circumstances, not a change in circumstances arising in the country of nationality which would create an exception to the limitations for filing a motion to reopen. Finally, the BIA rejected Jiang's argument that the regulations allow the filing of a successive asylum application without an accompanying motion to reopen. Jiang filed a petition for review.[2]

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir. 2009). In addition, we uphold the BIA's factual determinations if they are supported by substantial evidence. Id.

As an initial matter, we reject Jiang's argument that her case is similar to Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), where we vacated the denial of motions to reopen based on the BIA's failure to discuss the evidentiary record. Here, the BIA discussed most of the documentary evidence provided by Jiang. Although Jiang is correct that the BIA did not specifically mention some of her submissions, this is not a case like Zheng where the BIA did little more than quote passages from an earlier

_____

[2] The petition for review was stayed pending the Court's decisions in several similar cases. Those cases have been decided, and the parties have filed supplemental briefs addressing those decisions.

decision without addressing the statements contained in the record before it.  Id. at 268-69.[3]

Jiang argues that BIA erred by failing to find a change in country conditions in China.  Jiang contends that the Aird affidavit and the enactment of China's Population and Family Planning Law reflect such a change.  Substantial evidence, however, supports the BIA's decision to the contrary.  The BIA correctly stated that the letter from Jiang's father and the Aird affidavit do not refer to incidents of forced sterilization of parents who returned to China with children born abroad.  In addition, as noted by the BIA, the 2005 Profile only reflects that a family in Fujian Province with U.S.-born children would be subject to certain fees and costs and would be expected to conform to the law on future offspring.  The 2005 Profile states that U.S. diplomats were aware of no forced sterilizations of returnees from the United States.  Jiang also has not shown that the enactment of the Population and Family Planning Law resulted in forced sterilizations for individuals returning to China with children born abroad.  We recognize that Jiang's aunt stated in a letter that she was forcibly sterilized in 2003, and that Jiang's father stated that her mother was forcibly sterilized in approximately 1984.  This evidence, however, does not compel the conclusion that Jiang established changed conditions for individuals

---

[3]  Jiang also argues in her initial brief, filed before our decision in Zheng, that the BIA disregarded the evidence submitted in support of her motion to reopen "altogether."  The BIA's decision belies this argument.  Although Jiang further asserts that the BIA mischaracterized her arguments on appeal, Jiang does not explain this contention.

5

returning to Fujian Province, China with U.S.-born children.[4]

Jiang also argues in her brief that she is prima facie eligible for asylum, withholding of removal, and relief under the Convention Against Torture. Because the BIA did not address in its order declining to reopen the immigration proceedings whether Jiang established prima facie eligibility for these forms of relief, these arguments are not properly before us.[5]

Accordingly, we will deny the petition for review.

---

[4] Jiang's reliance on <u>Guo v. Gonzales</u>, 463 F.3d 109 (2d Cir. 2006), in which the court of appeals vacated the denial of a motion to reopen because the BIA failed to consider material evidence, is misplaced. <u>Guo</u> involved a different evidentiary record, and Jiang has not shown that the BIA failed to consider any material evidence. Jiang also notes that in <u>Lin v. U.S. Dep't of Justice</u>, 473 F.3d 48 (2d Cir. 2007) (per curiam), the Court of Appeals for the Second Circuit remanded the matter to the BIA to consider evidence outside the administrative record. The Second Circuit, however, has since held that a court should not exercise any inherent power it may have to order the taking of additional evidence if the basis for a remand is an instruction to consider evidence that was not in the record before the BIA, and the agency regulations set forth procedures for reopening a case for the taking of additional evidence. <u>Ni v. Gonzales</u>, 494 F.3d 260, 262 (2d Cir. 2007).

[5] Jiang does not seek review of the BIA's decision that she may not file a successive asylum application without an accompanying motion to reopen. Jiang's argument is foreclosed by <u>Liu</u>, in which we held that, after completion of removal proceedings, an alien must file an asylum application with a motion to reopen and must meet the applicable time and numerical limitations. 555 F.3d at 152.