**HAI ZHEN CHEN, Ming Wu Hu, Petitioners,**

**v.**

**Eric H. HOLDER, Jr.,\* Respondent.**

**No. 08–0178–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Melissa Desvarieux, Christophe & Associates, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General; William C. Peachey, Senior Litigation Counsel; Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Hai Zhen Chen and Ming Wu Hu, natives and citizens of the People's Republic of China ("China"), seek review of a December 21, 2007 order of the BIA, affirming the February 15, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, which pretermitted their application for asylum and denied their application for withholding of removal and relief under the Convention against Torture ("CAT"). *In re Hai Zhen Chen/Ming Wu Hu,* Nos. A098 906 087/088 (B.I.A. Dec. 21, 2007), *aff'g* Nos. A098 906 087/088 (Immig. Ct. N.Y. City Feb. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the decision of the IJ, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The Government argues that we do not have jurisdiction to review the agency's pretermission of petitioners' asylum application. However, we assert hypothetical jurisdiction here to consider the agency's alternate finding that the petitioners are not eligible for asylum, because the jurisdictional question involves statutory and not constitutional jurisdiction. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004). We conclude that the agency did not err in making that finding. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008). While the petitioners argue that the BIA erred in failing to adequately consider the evidence they submitted, that argument fails, as we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. *See id.* Indeed, we do not require the agency to "expressly parse or refute on the record

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169 (internal quotation marks omitted), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Although the petitioners assert that the agency placed undue reliance on a State Department report to conclude that returnees with two or more foreign-born children would likely face economic penalties and not forced sterilization, they fail to identify any evidence in the record to refute that finding. *See Matter of T–Z–*, 24 I. & N. Dec. 163, 170–71 (BIA 2007).

To the extent that the petitioners argue that the documents we considered in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), support their claim for relief, those documents are not in the record before us, and we will not remand for the BIA to consider extra-record evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).