**XIONG LIU, Fui Shee Lee, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Eric H. Holder, Jr.,\* United States Attorney General, Respondents.**

No. 07–3485–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

Bruno Joseph Bembi, Hempstead, NY, for Petitioners.

Jeffrey Bucholtz, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Julie S. Pfluger, Trial Attorney, Office of Immigration Litigation, United States Department of

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON. O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Xiong Liu, a native and citizen of the People's Republic of China, and his wife, Fui Shee Lee, a native and citizen of Malaysia, seek review of a July 27, 2007 order of the BIA that: (1) affirmed the December 19, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denied their motion to remand. *In re Xiong Liu, Fui Shee Lee,* Nos. A098 690 410, A098 690 411 (B.I.A. July 27, 2007), *aff'g* Nos. A098 690 410, A098 690 411 (Immig. Ct. N.Y. City Dec. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Denial of Application for Relief

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Petitioners argue that the BIA erred in concluding that they failed to demonstrate a well-founded fear of persecution based on the birth of their U.S. citizen children in violation of China's family planning policy. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which petitioners have submitted and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008).

## II. Denial of Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Id.* at 156. The BIA did not abuse its discretion in denying petitioners' request for a remand because it reasonably considered the 2005 U.S. Department of State Country Report on China and the documents at issue in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006) and found that such documents did not demonstrate petitioners' *prima facie* eligibility for the underlying substantive relief sought. *See Jian Hui Shao,* 546 F.3d at 166–68; *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (recognizing that a movant's failure to establish a *prima facie* case for the underlying substantive relief sought is a proper ground on which the BIA may deny such a motion).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).