**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-2253 and 09-4557
(consolidated)
_____

ARVINDER SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-906-120)
Immigration Judge: Honorable Alberto J. Riefkohl
_____


Submitted Under Third Circuit LAR 34.1(a)
October 1, 2010
Before: SMITH, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : October 4, 2010)
_____

OPINION
_____

PER CURIAM

    Petitioner Arvinder Singh, proceeding pro se, seeks review of two Board of

Immigration Appeals ("BIA") orders.  For the reasons that follow, we will deny his

petitions for review.

I.

Singh, a native and citizen of India, came to the United States in 1993. He applied for asylum and voluntary departure, claiming that he had been arrested, detained, and beaten because of his political and religious affiliations. He stated that he was a member of the Akali Party, an organization that advocates for an independent Sikh state through peaceful means. He also alleged that he and his family had provided food and shelter to members of a separatist terrorist group out of duress. At his immigration hearing, Singh asserted that he had been arrested several times by the police in India due to his political and religious affiliations and because they suspected him of terrorist activity. He stated that the police told him to quit his political activities and leave the country, and stated that he believed they would have killed him if he stayed. The Immigration Judge ("IJ") determined that Singh's testimony was vague, exaggerated, and not credible. (A.R. 452-53.) In the alternative, the IJ also found that Singh had failed to establish membership in a particular political party, or that he had suffered harm as the result of his religious practices. (A.R. 452-53.) The IJ denied asylum and voluntary departure. Singh's counsel filed a notice of appeal with the BIA, but never filed a brief. The BIA dismissed Singh's appeal because the notice of appeal did not "meaningfully apprise" the BIA of the reasons for the appeal. (A.R. 429.)

Nearly eight years later, Singh filed a motion to reopen his case with the BIA,

claiming that his immigration attorney was ineffective before the Immigration Court and the BIA. He claimed his attorney was ineffective for failing to seek protection under the Convention Against Torture ("CAT") and for failing to file a brief with the BIA. On April 3, 2009, the BIA denied the motion as untimely, declining to toll the time limit based upon its conclusion that Singh had failed to meet the standard for demonstrating ineffective assistance of counsel as set forth in In re Compean, Bangaly & J-E-C-, 24 I. & N. Dec. 710 (A.G. 2009) ("Compean I").

Singh filed a timely petition for review in this Court, and then filed a motion to remand based on a change in the law regarding ineffective assistance of counsel. The Government filed a "Non-Opposition" to his remand request.

In the meantime, Singh also filed a motion to reconsider with the BIA. On November 19, 2009, the BIA denied the motion. It took note that Compean I had been vacated, and based its analysis on the correct standard set forth in In re Compean, Bangaly & J-E-C, 25 I. & N. Dec. 1 (A.G. 2009) ("Compean II"). Singh filed a timely petition for review of that decision. The two cases have been consolidated, and we have issued a stay of removal pending consideration of both petitions for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of Singh's motion to reopen and motion for reconsideration. We review denials of motions to reopen and for reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398,

3

404 (3d Cir. 2005). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

## III.

Singh does not dispute that his motion to reopen was untimely. See 8 U.S.C. § 1229a(c)(7)(C). Rather, he challenges the BIA's determination that he was not entitled to equitable tolling of the time limit based on his claim of ineffective assistance of counsel.

Initially, in light of Compean II and given the Government's non-opposition, it appeared that the BIA should be permitted to reconsider Singh's motion to reopen. That decision vacated Compean I and reinstated In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), which established the requirements for filing a motion to reopen removal proceedings based upon a claim of ineffective assistance of counsel. However, in ruling on Singh's subsequent motion to reconsider, the BIA took note that Compean I had been vacated. Under the correct standard, the BIA concluded that Singh had failed to establish that he had been prejudiced by his attorney's performance such that equitable tolling would be appropriate. Because the cases have been consolidated, and because the BIA has had the opportunity to reconsider Singh's case in light of the correct standard, we will focus on the BIA's treatment of the motion for reconsideration.

The Government first argues that Singh does not have the right to counsel at his removal proceedings. However, if counsel's ineffectiveness prevents an alien from

4

presenting his case, such ineffectiveness could constitute a denial of due process under the Fifth Amendment. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

To prevail on his motion to reconsider the denial of his motion to reopen, Singh had to establish that he was prejudiced by his counsel's performance. An alien must show that counsel's performance "prevented [him] from reasonably presenting his case," and that "substantial prejudice" resulted. Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007). To show prejudice, an alien must show that there is a "reasonable likelihood" that the result would have been different had the errors not occurred. Id. at 159. The BIA determined that because Singh presented no additional evidence that he claims should have been presented to the BIA to challenge the IJ's adverse credibility finding, he could not show that he was prejudiced by his attorney's failure to file a brief or petition for review of that finding.

Likewise, the BIA found that Singh had failed to show a "reasonable likelihood" of being granted protection under CAT. The BIA first considered that his claim relied on testimony that the IJ found to be not credible. "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered." 8 C.F.R. § 1208.16(c)(3). Claims for relief under CAT must be considered separately from claims for asylum. See Zubeda v. Ashcroft, 333 F.3d 463, 467 (3d Cir. 2003). An adverse credibility assessment for purposes of asylum "does not defeat [a petitioner's] ability to 'meet [his] burden of

5

proof' under the [CAT]." Id. at 476 (finding that petitioner's credibility with respect to asylum and withholding claims should not "bleed through to the BIA's consideration of [his] claim under the [CAT] without further explanation"); see also Guo v. Gonzales, 463 F.3d 109, 114 (2d Cir. 2006) ("A CAT claim cannot be denied solely on the basis of an adverse credibility finding since a CAT claim may be established using different evidence and theories than those used for asylum claims."). An applicant whose testimony is found to be not credible for purposes of asylum may still prevail "'so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found to be not credible.'" Guo, 463 F.3d at 114 (quoting Paul v. Gonzales, 444 F.3d 148, 154 (2d Cir. 2006)) (emphasis omitted).

In this case, the BIA correctly noted that Singh's claim for relief under CAT is premised on the same factual basis as his claim for asylum. Moreover, the BIA did not rely solely on the IJ's adverse credibility determination. The BIA also considered that Singh failed to present any additional evidence demonstrating that it was more likely than not that he would be tortured if returned to India. Unlike the applicant in Zubeda, Singh has not pointed to any objective evidence suggesting that he would more likely than not be subjected to torture if removed to India. He relies on Department of State reports on country conditions in India, which do state that law enforcement authorities throughout India abuse detainees. (See, e.g., A.R. 97-98, 544.) However, as the BIA found, he has failed to present any documentary evidence suggesting that a person who aided, but was

6

not suspected of being, a terrorist would be tortured by Indian officials. As such, we find no abuse of discretion in the BIA's conclusion that Singh failed to establish that he was prejudiced by counsel's failure to raise a claim for relief under the CAT. Accordingly, the denial of his motion to reconsider was appropriate.

IV.

For the foregoing reasons, we will deny both petitions for review. The stay of removal we previously granted is vacated. In light of our disposition, Singh's motion to remand in C.A. 09-2253 is denied as moot. The Government's motion for an order directing the parties to bear their own costs and to stay the briefing schedule is denied.