**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3116
_____

PURANDHAR DHITAL; SHANTI DHITAL; AYUSH DHITAL,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A098 903 113, A098 903 114, A098 903 116)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2013
Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 15, 2013)
_____

OPINION
_____

PER CURIAM

Purandhar Dhital ("Dhital"), his wife Shanti Dhital, and their son, Ayush Dhital,

seek review of an order of the Board of Immigration Appeals ("BIA") denying their

motion to reopen their immigration proceedings.  For the reasons that follow, we will

deny the petition for review.

Dhital, a native and citizen of Nepal, entered the United States in 1997 on a student visa. His family entered the country shortly thereafter. The Dhitals stayed in the United States longer than authorized. In 2005, Dhital applied for asylum, withholding of removal, and protection under the Convention Against Torture, with his family as derivative applicants. Dhital claimed a fear of persecution by Maoist guerillas in Nepal. In 2009, the BIA affirmed the denial of the applications for relief from removal. This Court denied the Dhitals' petitions for review, concluding, among other things, that substantial evidence supported the finding that Dhital did not have a well-founded fear of persecution. Dhital v. Att'y Gen., 421 F. App'x 194, 197 (3d Cir. 2011) (unpublished decision).

In 2012, the Dhitals, through counsel, moved to reopen their immigration proceedings. They asserted that the conditions in Nepal had worsened and that the Maoists had come into power. The BIA found the motion time-barred and ruled that the Dhitals had not submitted evidence establishing changed country conditions or circumstances material to their case, which would excuse their untimely filing. The BIA determined that nothing in the evidence that related to them or their personal circumstances was sufficient to satisfy the materiality requirement for reopening. This petition for review followed.[1]

---

[1]The BIA also ruled that the Dhitals did not show an exceptional situation warranting the exercise of its discretion to reopen the proceedings sua sponte. This ruling is not at issue.

2

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion. Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007).

A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The Dhitals' motion was filed almost three years after the final administrative order in their case. They thus relied on the exception to the time requirement allowing a motion to reopen to be filed any time where the motion is "based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." Id. § 1229a(c)(7)(C)(ii).

The Dhitals argue in their brief that they submitted new information, including affidavits and U.S. State Department reports, detailing terrorist activities and establishing changed circumstances. They contend that the BIA abused its discretion by failing to mention "this clearly obvious new information" in its decision, Pet'rs' Br. at 5, and by issuing a decision lacking specificity and reasoning.

We have recognized that the BIA has a "duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim . . . ." Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir. 2006)). Here, the BIA found that the Dhitals had not submitted such evidence. The Dhitals have not shown otherwise. They state that they submitted affidavits, but Dhital's and his wife's affidavits primarily discuss their earlier asylum claim and note that the situation in Nepal is "still dire and scary." A.R. at 50, 52. Ayush

3

Dhital notes in his affidavit that the leader of the Maoist party became Prime Minister, but the Dhitals do not point to any evidence showing that this change has worsened conditions or poses a threat to them.[2] Similarly, the Dhitals state that they submitted U.S. State Department reports detailing terrorist activities, but they have not shown a change in such activities since their proceedings.

The Dhitals continue to claim generalized fears of violence in Nepal based on the political climate, a claim that we previously rejected. Dhital, 421 F. App'x at 196-97. They have not demonstrated that the BIA failed to consider evidence of changed country conditions that materially bears on their claim or otherwise abused its discretion.

Accordingly, we will deny the petition for review.[3]

---

[2]This case is thus distinguishable from Shardar, where there was evidence that the return to power of a political party responsible for an alien's prior persecution caused a sharp change in country conditions. Shardar, 503 F.3d at 314-15. In addition, although not a factor in our decision, we recognize that Nepal's leadership changed again in March 2013. See Resp. Br. at 14 n.3.

[3] Petitioners' motion to sever and remand to the BIA the matter of Ayush Dhital is denied without prejudice to any relief Ayush Dhital may seek before the BIA.

4