**RUI BIN LIU, a.k.a. Hung Hui Chang, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–5170–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

John Z. Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Edward E. Wiggers, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Rui Bin Liu, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA affirming the February 4, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Bin Liu a.k.a. Hung Hui Chang,* No. A78 858 578 (B.I.A. Oct. 31, 2007), *aff'g* No. A78 858 578 (Immig. Ct. N.Y. City Feb. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, in their stipulated remand, the parties agreed to remand for "further proceedings pending the outcome in the BIA's forthcoming precedent decision" in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). On remand, the BIA found that its decision in *Matter of S–Y–G–,* 24 I. & N. Dec. 247 (BIA 2007), was inapposite, and again affirmed the IJ's adverse credibility finding. Before this Court, Lin does not make any

argument relating to the documents we addressed in *Shou Yung Guo.* Thus, he has waived that argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA issues an independent decision on remand from this Court, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). However, when the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Here, the BIA issued a new decision after a stipulated remand entered into by the parties. In that decision, the BIA both addressed the remand order and again affirmed the IJ's adverse credibility finding. Thus, we review the IJ's decision as supplemented by the BIA's decision. *See Belortaja,* 484 F.3d at 623; *Yun–Zui Guan,* 432 F.3d at 394.

We conclude that the agency's adverse credibility determination was supported by substantial evidence. The IJ found that Liu testified inconsistently with his documentary evidence regarding whether his wife hid from family planning officials from September 1 to September 19, 2001. Indeed, while Liu testified, and his wife indicated in her written statement, that she stayed home "secretly" and "did not go outside the house at all" from September 1 to September 19, 2001, his wife's "Gynecology Check Up Certificate" indicated that she had a check-up on September 16, 2001. No reasonable fact-finder would be compelled to credit Liu's explanation that his wife attended the check-up "secretly." *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Additionally, contrary to Liu's argument, these discrepancies are material and substantial when measured against the record as a whole because his wife's al-

leged forced sterilization formed the basis of his claim for relief before the IJ. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 74–78 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc) (determination supported by applicant's inconsistent statements as to the date on which his wife was allegedly sterilized).

Moreover, the IJ found that Li testified implausibly when he stated that his wife was required to report for "pregnancy checks" after her alleged sterilization in September 2001. Liu does not challenge this finding in his brief. Absent any such argument, we are not compelled to find that the IJ engaged in bald speculation in finding Liu's testimony implausible. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007); *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

When considered as a whole, the agency's adverse credibility determination was supported by substantial evidence. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107 (2d Cir.2006). Because the only evidence of a threat to Liu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we need not reach the agency's alternative burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.