XIU MEI ZHU, Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 08–1635–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Stephen J. Flynn, Senior Litigation Counsel, Office of Immigration Litigation; Kathryn M. McKinney, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Mei Zhu, a native and citizen of China, seeks review of a March 10, 2008 order of the BIA affirming the May 26, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein denying Zhu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu*

*Mei Zhu,* No. A 95 468 138 (B.I.A. Mar. 10, 2008), *aff'g* No. A·95 468 138 (Immig. Ct. N.Y. City May 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007) (citing 8 U.S.C. § 1252(b)(4)(B)).

■ We find that substantial evidence supports the IJ's adverse credibility determination. In her brief before this Court, Zhu fails to challenge the IJ's reliance on: (1) her unresponsive demeanor during cross-examination; (2) the omission in her testimony of any reference to her and her husband being fined and her husband being fired, in contrast to her husband's testimony; and (3) the omission in her asylum application of any reference to her being fired despite her testimony to that effect. Accordingly, any challenge to those findings is waived, *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), and they stand as valid bases for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey,* 529 F.3d 141, 146–47 (2d Cir.2008).

As to the findings Zhu does challenge, the IJ did not err in questioning her claim that she received an abortion certificate documenting her forced abortion in light of the Department of State's 2005 Profile indicating that abortion certificates are only issued after voluntary abortions. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir.2007) (citing *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006)). The IJ also properly relied on a series of inconsistencies between Zhu's testimony and the medical records she submitted. For example, while one report states that Zhu has been pregnant once, she testified that she was pregnant three times. Similarly, while another report states that she had a "fetal demise" in 1999, she claims that she was not pregnant and did not go to see a doctor that year. Zhu concedes that these inconsistencies exist in the record, but argues that the agency's reliance on them was nonetheless flawed. We disagree. Contrary to Zhu's argument, these inconsistencies can call into question her claim that she suffered a forced abortion. Moreover, the IJ did not err in declining to credit any of Zhu's explanations where none of them would have compelled a reasonable factfinder to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

■ Because substantial evidence supports the IJ's adverse credibility determination, Zhu's claim that she suffered past persecution fails. Additionally, the record supports the agency's denial of Zhu's claim that she has a well-founded fear of persecution based on the birth of her U.S.-born son. Zhu's reliance on *Rui Ying Lin v. Gonzales,* 445 F.3d 127 (2d Cir.2006), is misplaced. There, we found that substantial evidence did not support the agency's conclusion that the petitioner's fear of forced sterilization was "too speculative" where the record reflected that "she already had two children, that she planned to have more, that she had gone to great lengths to avoid being sterilized in China, and that she had removed her IUD after escaping to the United States." *Id.* at 135–36. Zhu's claim is less convincing, and the agency had substantial evidence to find that Zhu's fear was speculative. *See Jian Xing Huang v. U.S. INS,* 421 F.3d 125, 129 (2d Cir.2005) (concluding that, absent "solid support in the record," petitioner's fear of persecution was "speculative at best").

Finally, we decline to remand Zhu's case to the agency for it to consider the documents we discussed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 164–65 (2d Cir.2008) (finding that substantial evidence supported the BIA's finding that the *Shou Yung Guo* documents did not demonstrate that China's family planning policy is implemented through means amounting to persecution). We likewise decline to consider the 2007 U.S. Department of State Country Report, which is not in the record. *See* 8 U.S.C. § 1252(b)(4)(A) (stating that courts must decide a petition for review "on the administrative record on which the order of removal is based"); *Xiao Xing Ni,* 494 F.3d at 269.

Because Zhu was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Additionally, Zhu's CAT claim also fails, for it is predicated upon the same facts as her asylum and withholding claims. *See Kyaw Zwar Tun v. U.S. INS,* 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder, Jr. is substituted for Michael B. Mukasey as Respondent.

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).