**XIN LI, Petitioner–Appellant,**

v.

**Eric H. HOLDER, Jr., Attorney**

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Eric H. Holder, Jr., for former Attor-

ney General Michael B. Mukasey as the respondent in this case.

\*\* The Honorable Eric N. Vitaliano of the United States District Court for the Eastern Dis-

General of the United States,*
Respondent–Appellee.

No. 07–4146.

United States Court of Appeals,
Second Circuit.

May 1, 2009.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Appellant.

Daniel Glenn Lonergan, Trial Attorney (Gregory G. Katsas, Assistant Attorney General, Civil Division, and James E. Grimes, Senior Litigation Counsel, of counsel), Civil Division, U.S. Department of Justice, Washington, D.C., for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Circuit Judges, Hon. BRIAN M. COGAN,** Judge.

### SUMMARY ORDER

Xin Li, a native and citizen of the People's Republic of China, appeals from the BIA's September 12, 2007, denial of his motion for reconsideration of a prior order. *See In re Xin Li*, A73 561 346. That prior order, issued on May 21, 1996, affirmed the Immigration Judge's September 28, 1995, decision denying Li's petitions for asylum, withholding of deportation, and

---

trict of New York, sitting by designation.

* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

** The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

voluntary departure. We assume the parties' and counsel's familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

On appeal, Li argues that the BIA erred in declining to consider whether certain documents demonstrated changed circumstances arising in China that would excuse Li's otherwise untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). These documents, discussed in greater detail in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), and referred to as the "Guo documents," were not introduced by Li in evidence in support of his motion to reopen, but were mentioned in his papers.

The BIA has already considered the Guo documents on remand in *Guo* and concluded that they were insufficient to demonstrate the requisite changed country circumstances to justify a motion to reopen. *In re S–Y–G–,* 24 I. & N. Dec. 247 (B.I.A. August 2, 2007). We affirmed in *Shao v. Mukasey,* 546 F.3d 138, 142 (2d Cir.2008).

Because the Guo documents are insufficient to demonstrate changed country circumstances in Guo's case, *see Shao,* 546 F.3d 138, *a fortiori,* they are insufficient to justify a motion to reopen here.

Li also requests that this Court stay its mandate and the BIA's order of removal to allow him to move a second time to reopen his case. But Li appears to seek a stay only to introduce the Guo documents into evidence in this proceeding. As discussed, such documents are insufficient to demonstrate changed country circumstances. *See Shao,* 546 F.3d at 174. Li points to no other evidence that he would introduce in support of such a motion. Under these circumstances staying the mandate would be inappropriate.

For the foregoing reasons, we hereby DENY Li's petition for review and DENY his motion for a stay.