**JIN DAN LIN, aka Kazuko Shibata, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–74342.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2009.*

Filed June 9, 2009.

Gary J. Yerman, Esquire, Law Office of Gary J. Yerman, New York, NY, for Petitioner.

Kathleen Kelly Volkert, Achiezer Guggenheim, Trial, John Hogan, Senior Litigation Counsel, Julie Suzanne Pfluger, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Home-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

land Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOULD and RAWLINSON, Circuit Judges, and BEISTLINE **, District Judge.

MEMORANDUM ***

Jin Dan Lin (Lin), a native and citizen of China, petitions for review of an order by the Board of Immigration Appeals (BIA) denying her motion to reopen and her request to file a successive asylum application.

1. The BIA did not abuse its discretion in denying Lin's motion, filed more than 90 days after the entry of the agency's final administrative order, as time barred, because Lin failed to establish a change in country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (C)(ii) (requiring that a change in country conditions be shown to avoid the 90–day time bar); *see also Chen v. Mukasey,* 524 F.3d 1028, 1030 (9th Cir. 2008) (same). Unlike the proceedings in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), the record reflects that the BIA considered the evidence offered by Lin to demonstrate changed country conditions. The BIA did not abuse its discretion in determining that the evidence was insufficient to establish a change in China's enforcement of its one-child policy, because the documents do not address Lin's marriage to a United States citizen, were not clearly unavailable prior to the initial removal hearings, or lacked sufficient au-

thentication. *See He v. Gonzales,* 501 F.3d 1128, 1130–31 (9th Cir.2007) (upholding BIA determination that documentary evidence was insufficient to establish changed country conditions where one document provided insufficient details and the other document was an unauthenticated translation dated before the original removal proceedings).

2. To the extent Lin relies upon State Department country conditions reports for 2005 and 2006, those reports are not in the record and we may not take judicial notice of them or their contents. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc); *see also Singh v. Ashcroft,* 393 F.3d 903, 906 (9th Cir.2004). Nor may we review the BIA's failure to take administrative notice of these reports absent any evidence that Lin requested the BIA to do so and it refused. *Fisher,* 79 F.3d at 963.

3. Lin's argument that she is entitled to file a free-standing asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D) is foreclosed by our precedent. *See Chen,* 524 F.3d at 1032 (holding that the BIA's determination that an asylum application by an alien subject to a final order of removal "can be made only in connection with a motion to reopen, subject to the limitations of § 1229a(c)(7)[,]" is "reasonable, and we defer to it").

**PETITION FOR REVIEW DENIED.**

---

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.