SUMMARY ORDER

Juan Zhu and Cheng Yu Chen, natives and citizens of the People’s Republic of China (“China”), seek review of a February 21, 2008 order of the BIA, affirming the May 24, 2006 decision of Immigration Judge (“13”) Elizabeth A. Lamb, which pretermitted their application for asylum and denied their application for withholding of removal and relief under the Convention against Torture (“CAT”). In re Juan Zhu/Cheng Yu Chen, Nos. A099 316 920/921 (B.I.A. Feb. 21, 2008), aff'g Nos. A099 316 920/921 (Immig. Ct. N.Y. City May 24, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the decision of the IJ, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the agency did not err in denying the petitioners’ application for withholding of removal and CAT relief. While the petitioners argue that the evidence they submitted demonstrates a likelihood of sterilization upon return to China, this argument fails, as we have previously reviewed the BIA’s consideration of similar evidence and found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Indeed, we will “presume that [the agency] has taken into account all of the evidence before [it], unless the record eompellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006). The BIA reasonably found, based on this record, that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing *122 economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. See Jian Hui Shao, 546 F.3d at 164(finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to “physical or mental coercion”). While we have recognized that, in some circumstances, “severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization,” the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioners’ return to China. Id. at 161-62.
To the extent that the petitioners argue that the documents we considered in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006), support their claim for relief, those documents are not in the record before us, and we will not remand for the BIA to consider extra-record evidence. See 8 U.S.C. § 1252(b)(4)(A); Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).