**QIN LIU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3282.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 4, 2009.

Opinion filed: Nov. 5, 2009.

Gary J. Yerman, Esq., Yerman & Associates, New York, NY, for Petitioner.

Edward J. Duffy, Esq., Thomas W. Hussey, Esq., Paul F. Stone, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

### OPINION

PER CURIAM.

Qin Liu, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her immigration proceedings. For the reasons below, we will deny the petition for review.

Liu arrived in the United States in June 2001. She appeared before an Immigration Judge ("IJ") and conceded that she was removable for entering without a valid entry document. *See* Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I) ]. Liu applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), alleging that she suffered persecution as a Falun Gong practitioner. The IJ denied relief in July 2003, finding that Liu was not credible. The BIA affirmed without opinion in August 2004.

In February 2008, Liu filed a motion to reopen the proceedings, claiming that she was the mother of two children born in the United States and that she likely would be persecuted under China's stricter enforcement of its coercive family planning policy. In support of her motion, Liu submitted a notice issued by the Villagers' Committee in response to her "inquiry on enforcement of the Family Planning Law in our village." The notice advised Liu that the family planning policy is "strictly enforce[d]," that foreign-born children might be treated as Chinese citizens for purposes of the policy, that "those with two children will be targets for sterilization," and that, despite her residency in the United States, Liu "should strictly abide by the relevant local family planning ordinance" if she returns. In addition, Liu provided an affidavit from her mother dated January 23, 2008, stating that "in the past year, the Family Planning Law was more strictly implemented in our hometown." Liu's mother also identified two villagers who were forcibly sterilized on June 4, 2007, because they had more than one child. Information detailing China's family planning policies was also documented in United States government reports (including State Department Country Reports), local and national Chinese government policy documents and propaganda materials, numerous news articles, Congressional testimony, and NGO reports.

The BIA concluded that the motion to reopen was untimely, *see* 8 C.F.R § 1003.2(c)(2), and that the evidence Liu submitted in support of her motion did not establish changes in country conditions sufficient to warrant reopening. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA denied the motion to reopen. Liu filed a timely petition for review of the order. The government has moved for summary affirmance, which we will construe as a motion for summary denial of the petition for review.

An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Liu filed her motion to reopen over three years after the BIA issued the final removal order. The time and number requirements do not apply when the motion to reopen relies on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The term "previous hearing" in § 1003.2(c)(3)(ii) refers to the proceedings before the IJ. *See Filja v. Gonzales,* 447 F.3d 241, 252 (3d Cir.2006). We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252], and we review the Board's denial of a motion to reopen for abuse of discretion. *See Liu v. Att'y Gen.,* 555 F.3d 145, 148 (3d Cir.2009). Under this deferential standard of review, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. *See Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004).

Liu claims that "the Board failed to recognize that the totality of the evidence demonstrates a relevant change in country conditions in China." We disagree. In *Zheng v. Attorney General,* 549 F.3d 260 (3d Cir.2008), we vacated the BIA's denial of motions to reopen based on changed country conditions in China because the BIA failed to thoroughly discuss the evidence submitted by the petitioners or explain why it was not sufficient. *Id.* at 268–69, 271. We noted that " '[immigration judges] and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim,' and '[a] similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.' " *Id.* at 268 (quoting *Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir. 2006)). As we recognized, " '[t]he BIA should demonstrate that it has considered such evidence, even if only to dismiss it. In so doing, the BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner.' " *Id.* at 268 (quoting *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006)).

Here, the BIA noted that it had "examined the evidence that was before the Immigration Judge and the proffered evidence submitted with the motion." The Board specifically commented on the "evidence the respondent submitted of the enforcement of the family planning policies in her hometown" and her "claim of recent sterilizations in her hometown." The BIA also cited both the 2000 and 2005 State Department Country Reports on Human Rights Practices, noting that "the Chinese government continues to implement comprehensive and often harshly coercive family planning policies" and that "there continue to be documented instances in which

local family planning officials have used coercion, including forced sterilization, to meet government goals." Based on this material, the BIA concluded that "the evidence ... reveals an essentially static situation with regard to the enforcement of the Chinese government's coercive population control policies, rather than a change in the implementation of the family planning policies in [Liu's] hometown since the removal hearings."

We conclude that the Board's decision was consistent with the standards we set forth in *Zheng.* The BIA referred to both the background documentation and the evidence specific to Liu's hometown. Moreover, the Board provided specific reasons why the evidence did not establish a material change in the enforcement of the family planning policy. These reasons are supported by the record. Thus, we cannot say the BIA abused its discretion in denying Liu's motion to reopen. *See Zheng,* 549 F.3d at 268

Based on the foregoing, we conclude that the evidence submitted by Liu does not compel the conclusion that she established changed country conditions for individuals returning to China with United States citizen children. Accordingly, we will deny the petition for review.[1]

---

1. We deny the Government's motion for summary denial of the petition for review.