**Andreas SURYANTO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 09–3924.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 4, 2011.

Opinion Filed Jan. 6, 2011.

---

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Deitz P. Lefort, Esq., Benjamin Zeitlin, Esq., United States Department of Justice, Washington, DC, for Attorney General of the United States.

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Petitioner Andreas Suryanto petitions for review of the Board of Immigration Appeals' ("BIA") September 24, 2009 order denying his second motion to reopen immigration proceedings. For the following reasons, the petition for review will be denied.

### I.

Suryanto is a native and citizen of Indonesia who entered the United States on September 15, 2001, on a B–2 visitor's visa. On September 15, 2002, he applied for asylum on the ground that he was persecuted in Indonesia as an ethnic Chinese Christian. On March 10, 2004, following a merits hearing, an Immigration Judge ("IJ") denied Suryanto's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), but granted him a 60–day voluntary departure period. Suryanto filed an appeal to the BIA challenging the IJ's decision. The BIA dismissed his appeal without opinion. Suryanto then filed a timely petition for review.

Meanwhile, on May 25, 2007, Suryanto married a United States citizen. We subsequently ordered that Suryanto's case be held in abeyance pending the adjudication of Suryanto's Petition for Alien Relative (Form I–130). On December 10, 2007, his I–130 relative visa petition was approved. On July 23, 2008, Suryanto filed a motion to reopen and remand his administrative proceedings to adjust his status. On October 16, 2008, the BIA denied the motion. On October 30, 2008, Suryanto filed a petition for review of the BIA's October 16, 2008 decision. See C.A. No. 08–4342. We ordered that this case be consolidated for disposition with his previously-filed case (C.A. No. 06–1424). On October 22, 2010, we denied both petitions for review. See Suryanto v. Att'y Gen., 398 Fed.Appx. 830, 833 (3d Cir.2010).

On August 17, 2009, following the two deadly hotel bombings in July 2009, in Jakarta, Indonesia, Suryanto filed a motion to reopen and remand based upon alleged changed country conditions in Indonesia. In support of his motion Suryanto submitted: (1) a web article from CNN.com reporting on the bombings; (2) the U.S. Department of State 2008 Human Rights Report for Indonesia; (3) the U.S. Department of State 2008 International Religious Freedom Report; and (4) an August 11, 2009 article from AsiaNews.it dis-

cussing remarks by Indonesian president Susilo Bambang Yudhoyono that Indonesia may face more terrorist attacks. A.R. 16–44. On September 24, 2009, the BIA denied the motion to reopen. The BIA found that the motion was both time and number barred under 8 C.F.R. § 1003.2(c)(2). In addition, the BIA found that Suryanto's "conclusory claim of changed country conditions" did not satisfy the exception to the timely filing requirement because it did not comply with the evidentiary requirements of 8 C.F.R. § 1003.2(c)(1). A.R. 3. The BIA did not otherwise discuss its conclusion or specifically address any piece of evidence submitted by the petitioner.

Suryanto's timely petition for review of the BIA's September 24, 2009 decision is now before the Court.

## II.

We have jurisdiction under 8 U.S.C. § 1252, which grants federal courts of appeals jurisdiction to review final orders of the BIA. We review the BIA's denial of a motion to reopen for an abuse of discretion, see *Ying Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir.2009), and review its underlying factual findings related to the motion for substantial evidence. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir.2006). The BIA's denial of a motion to reopen may be reversed only if the decision is "arbitrary, irrational, or contrary to law." *Rranci v. Att'y Gen.*, 540 F.3d 165, 171 (3d Cir.2008) (citations omitted).

Motions to reopen must generally be filed with the BIA no later than 90 days after the date of the final administrative decision in the proceeding sought to be opened. *See* 8 C.F.R. § 1003.2(c)(2); *see also Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir.2007). However, "the 90–day limitation does not apply if the movant seeks reopening 'based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.'" *Zheng v. Att'y Gen.*, 549 F.3d 260, 265 (3d Cir.2008) (quoting 8 C.F.R. § 1003.2(c)(3)(ii)).

## III.

The issue before us is whether the BIA abused its discretion in denying Suryanto's motion to reopen based on changed country conditions without explicitly addressing the evidence offered by the petitioner.[1] Suryanto argues that the BIA abused its discretion by failing to consider the documentation he submitted in support of his motion to reopen. He relies on *Zheng v. Attorney General*, in which we found that the BIA abused its discretion by denying a petitioner's motion to reopen without identifying or discussing all of the petitioner's relevant evidentiary support. 549 F.3d at 268–69.

Suryanto is correct that the BIA is required to "actually consider the evidence and argument that a party presents." *Id.* at 266 (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir.2001)). However, this mandate does not require that the BIA "expressly parse or refute on the

---

1. The BIA correctly determined that Suryanto's August 17, 2009 motion to reopen was numerically barred, because Suryanto had previously filed a motion to reopen on July 23, 2008. *See* 8 C.F.R. § 1003.2(c)(2). In addition, the BIA correctly concluded that Suryanto's motion to reopen was untimely. The BIA issued a final order of removal in this case on July 25, 2005. Suryanto's second motion to reopen was filed over four years later on August 17, 2009, clearly beyond the ninety day limitation set forth in 8 C.F.R. § 1003.2(c)(2). Further, because Suryanto's brief fails to address these findings, it appears that Suryanto has waived these issues on appeal.

record each individual argument or piece of evidence offered by the petitioner." *Id.* at 268 (quoting *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006)). In particular, the BIA is not required to address evidence that is plainly immaterial. What is required is that the BIA consider all *relevant* evidence and provide an adequate basis from which we are able "to discern its reasons for declining to afford relief to a petitioner." *Id.; see also Huang v. Att'y Gen.,* 620 F.3d 372, 391 (3d Cir.2010) (remanding where BIA failed to consider evidence that was both material and previously unavailable); *Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (finding an abuse of discretion where the BIA failed to consider documents that were "self-evidently material"); *Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005) (holding that the BIA has a duty to explicitly consider country conditions evidence that *"materially* bears on his claim") (emphasis added). The burden is on the petitioner to prove that the BIA did not review the record or consider material evidence. *See Abdulai,* 239 F.3d at 550.

Suryanto has not met that burden here. The BIA denied Suryanto's motion to reopen because he failed to "comply with the evidentiary requirements of 8 C.F.R. § 1003.2(c)(1) as to the conclusory claim of changed country conditions." A.R. 3. This regulation holds that a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Although the four documents Suryanto submitted were not available at the time of his previous hearing, they are plainly immaterial to his claim that the July 2009 bombings in Jakarta have created changed country conditions for the petitioner. The two U.S. State Department reports Suryanto includes were published in 2008 and therefore demonstrate nothing about whether conditions in Indonesia changed following the bombings in 2009. The two internet articles he submitted attest to the fact of the bombings and the President's anticipation that Indonesia may face more terrorist attacks in the future, but do not explain how the bombings are relevant to Suryanto or to his underlying asylum claim, which is based on his status as an ethnic Chinese Christian. There is no indication in the materials that the bombings were targeted at Christians in Indonesia, or that conditions in Indonesia had deteriorated in such a way that would provide a renewed ground for Suryanto's asylum claim. The BIA did not abuse its discretion in concluding that Suryanto's evidence did not comply with 8 C.F.R. § 1003.2(c)(1) because it did not meet the requisite standard of materiality. Suryanto has failed to demonstrate otherwise. *See Sevoian v. Ashcroft,* 290 F.3d 166, 175 (3d Cir.2002) (stating "the prima facie case standard for a motion to reopen ... requires the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief]").

## IV.

Based on the foregoing, we will deny the petition for review.